IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01617-BNB

MICHAEL D. REA, II,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, d/b/a TREASURY DEPT.,
DEPARTMENT OF STATE, and
DEPT. OF CORRECTIONS (Exec. Dir. Rick Raemisch),

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

Applicant, Michael D. Rea, II, has filed *pro se* a "Motion to Reconsider" (ECF No. 12) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 10) and the Judgment (ECF No. 11) entered in this action on August 25, 2014.  The Court must construe the motion to reconsider liberally because Mr. Rea is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Rea pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Rea failed to respond to a court order directing him to file an amended application for a writ of habeas corpus that names a proper Respondent and that clarifies the claims he is asserting. Mr. Rea asserts in the motion to reconsider that on July 24, 2014, he complied with the order directing him to file an amended application and that "[b]y mistake the Clerk may have filed the [amended application] in 2014-cv-02090-BNB." (ECF No. 12 at 2.) Case number 2014-cv-02090-BNB is a civil rights action filed by Mr. Rea on July 28, 2014.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Rea fails to demonstrate some reason why the Court should reconsider and vacate

the order to dismiss this action. The Court has examined the electronic files for the various cases Mr. Rea has filed in the District of Colorado and there is no amended application for a writ of habeas corpus filed in case number 2014-cv-02090-BNB or any other action during the relevant time frame. Accordingly, it is

ORDERED that the "Motion to Reconsider" (ECF No. 12) is DENIED.

DATED at Denver, Colorado, this  5th  day of   September  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court